UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE<br><br>VASYL TSAKHNIV,<br><br>      Debtor.<br><br>CHASE BANK USA, N.A.,<br><br>      Plaintiff,<br><br>v.<br><br>VASYL TSAKHNIV,<br><br>      Defendant. | Bankruptcy No. 09-00998<br><br><br><br>Adversary No. 09-00300 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
CHASE BANK'S MOTION FOR DEFAULT JUDGEMENT**

This Adversary proceeding relates to the Bankruptcy case filed by Defendant under Chapter 7 of the Code. The Plaintiff filed an Adversary proceeding against the Defendant claiming that the amount of $5500 should be found nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The Complaint was timely filed and duly served on the Defendant, but the Defendant failed to answer the Complaint or otherwise plead or appear. The following constitutes Findings of Fact and Conclusions of Law.

**JURISDICTION**

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This proceeding is before the Court pursuant to 28 U.S.C. § 157 and referred to this Court by the United States District Court

for the Northern District of Illinois Operating Procedure 15(a). Venue lies under 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## FINDINGS OF FACT

1. The Defendant's bankruptcy case was filed on January 15, 2009 ("Filing").

2. The Plaintiff's Complaint was timely filed on April 7, 2009.

3. The Plaintiff effected service by mail on both the Defendant and the Defendant's attorney on May 8, 2009, and Proof of Service has been filed.

4. The Defendant is not in the military service of the United States and is not a minor or incapacitated person.

5. The Defendant has neither answered the Complaint nor otherwise appeared within the time period required and has not done so since that time.

6. The Notice of Motion, Motion for Entry of Default Judgment, Complainant's Affidavit of Debt, Affidavit of Relief Sought, Non-Military Affidavit, Order of Default, and Default Judgment were served on the Defendant and Defendant's counsel in the bankruptcy case on July 31, 2009. An Amended Notice of Motion was filed on August 19, 2009.

7. The Motion for Default was granted by order on September 14, 2009.

8. The Defendant held a consumer open end credit plan charge account issued by the Plaintiff as Card Number XXXX-XXXX-XXXX-4812 ("Account").

9. When the related bankruptcy case was filed, the Account balance was $7359.97.

10. The Defendant obtained two cash advances on the Account on October 31, 2008, and November 4, 2008. Those two advances totaled $5500.

11. The following additional facts and circumstances are contained in the Account record; the petition, statements, and schedules filed by the Defendant in his bankruptcy case; and in the unanswered Complaint.

   a. The Defendant's real property was over-secured by less than $3,000.

   b. The Defendant owed $33,743 on thirteen separate credit accounts.

   c. The monthly minimum three percent payment on Schedule F credit accounts was $1,102.29 per month at Filing.

   d. The Defendant's monthly budget was negative by $64.79 per month at Filing without including any service of the credit account debts.

   e. The Defendant's monthly cash flow at Filing, combining the Schedules I and J budget deficiency and the monthly credit card payments, was a negative ($1,077.08).

   f. The Defendant's responses to Statement of Financial Affairs Questions 1 and 2 show that the Defendant had a steady annual income prior to the Filing of $33,496 in 2006, $48,030 in 2007, $52,455 in 2008, and $52,455 projected for 2009.

   g. After October 23, 2008, the Defendant charged an additional $6,600 on the Account in a twenty-three day period, including the two cash advances. Charges other than the two cash advances are not included in the Complaint.

   h. The Defendant's credit limit on the Account was $7,000.

   i. Between October 2, 2008, and November 19, 2008, the Defendant incurred forty-three charges on the Account other than the cash advance charges. Those additional charges totaled $1,557.24. The Defendant often incurred multiple

    charges on the same day. The Defendant did not incur any additional charges on the Account after November 19, 2008.

j.     Between October 2, 2008, and January 12, 2009, the Defendant incurred transaction fees, purchase finance charges, and late fees on the Account totaling $352.73.

k.     Between October 2, 2008, and January 12, 2009, the Defendant made only one payment on the Account. That payment of $25 was made on October 29, 2009.

## CONCLUSIONS OF LAW

### CHASE BANK'S MOTION FOR DEFAULT JUDGMENT IS GRANTED BECAUSE CHASE BANK ESTABLISHED A *PRIMA FACIE* CASE FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

Rule 55(b)(2) Fed. R. Civ. P., made applicable in bankruptcy by Rule 7055 Fed. R. Bankr. P., governs default judgments entered by a bankruptcy judge. *In re Zecevic*, 344 B.R. 572, 576 and cases cited (Bankr. N.D. Ill. 2006) (Schmetterer, J.). "Granting a motion for the entry of a default judgment lies within the sound discretion of the trial court." *Id.* (citing *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)). "In the bankruptcy context, where a debtor has a presumptive right to a discharge, default judgment motions should not be granted unless the movant shows that its debt is nondischargeable as a matter of law." *Id.* (internal citations omitted). Thus, a creditor seeking a default judgment in an adversary proceeding to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A) must show at least *prima facie* facts establishing that the debt is nondischargeable. *Id.*

-4-

Chase Bank was Established a Prima Facie Case for
Nondischargeability Under 11 U.S.C. § 523(a)(2)(A) if it
Establishes that Tsakhniv Obtained Money by Making a
Knowing Misrepresentation with Intent to Deceive
<u>Chase Bank and that Chase Bank Justifiably Relied on the Misrepresentation</u>

A discharge under chapter 7 of the Bankruptcy Code "does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or the insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To establish a *prima facie* case for nondischargeability under § 523(a)(2)(A), a plaintiff must establish that: "(1) the alleged fraud-feasor made a representation 'either knowing it to be false or with reckless disregard for the truth'; (2) the misrepresentation was made with the intent to deceive; and (3) the creditor actually and justifiably relied on the misrepresentation." *Citibank (S.D.), N.A. v. Michel*, 220 B.R. 603, 605 (N.D. Ill. 1998) (Aspen, C.J.) (*quoting In re Scarlata*, 979 F.2d 521, 525 (7th Cir. 1992)). "A creditor seeking to prevent the discharge of a debt bears the burden of proving these elements by a preponderance of the elements." *Id.* (*citing Grogan v. Garner*, 498 U.S. 279, 291 (1991)).

1. By use of his Credit Card, Tsakhniv Represented that He Intended to
<u>Repay the Cash Advances when He Used the Credit Card Account</u>

A cardholder's use of a credit card account is a representation of an intent to repay. *See Michel*, 220 B.R. at 605 (collecting cases). In this case, Tsakhniv obtained money from Chase Bank by incurring $5500 in cash advances or convenience checks on his open end credit card account on October 29, 2008, and November 17, 2008. By using his credit card account, Tsakhniv represented to Chase Bank that he intended to repay the charges.

2.  The Facts and Circumstances Objectively Show that
    <u>Tsakhniv Did Not Intend to Repay the Cash Advances</u>

"[F]raud exists only if a speaker is *subjectively* aware that his statements are false or that they might be false." *Id.* at 606 (emphasis in original) (internal citations omitted). "Obviously, the court must consider objective evidence that is probative of the debtor's intent to repay in addition to considering the debtor's demeanor, but the ultimate inquiry still seeks to determine the debtor's subjective intent." *Id.* (internal citations omitted); *accord In re Anastas*, 94 F.3d 1280, 1286 (9th Cir. 1996) ("[T]he hopeless state of a debtor's financial condition should never become a substitute for an actual finding of bad faith."). However, the objective factors that a court may consider include:

1. The length of time between the charges made and the filing of bankruptcy;
2. Whether or not an attorney has been consulted concerning the filing of the bankruptcy before the charges were made;
3. The number of charges made;
4. The amount of the charges;
5. The financial condition of the debtor at the time the charges are made;
6. Whether the charges were above the credit limit of the account;
7. Whether the debtor made multiple charges on the same day;
8. Whether or not the debtor was employed;
9. The debtor's prospects for employment;
10. The financial sophistication of the debtor;
11. Whether there was a sudden change in the debtor's buying habits; and
12. Whether the purchases were made for luxuries or necessities.

*Michel*, 220 B.R. at 606 n.5 (*citing In re Dougherty*, 84 B.R. 653, 657 (B.A.P. 9th Cir. 1988)).

In this case, there is no direct evidence of Tsakhniv's subjective intent, such as a statement by Tsakhniv that he did not intend to repay the amounts charged on the Account.

However, Chase Bank does allege several facts that objectively demonstrate Tsakhniv's intent. Specifically:

- Tsakhniv incurred the cash advance charges 72 and 76 days prior to filing for bankruptcy;

- Tsakhniv was in poor financial condition when he made the charges because, given his expenses, his income of $50,000 per year was insufficient to make even the minimum payments of more than $1,000 on thirteen credit accounts;

- Tsakhniv incurred $7,359.97 of charges on the Account, which exceeded the credit limit of $7,000;

- Tsakhniv made numerous charges in a short period of time, sometimes on the same day;

- Tsakhniv's last payment on the Account was for a small percentage of the outstanding balance and occurred before the cash advance charges were incurred;

- Tsakhniv's two cash advance charges were for $5,000 and $500, more than 78% of the credit limit on the account; and

- The cash advance charges were not typical of the amounts Tsakhniv usually charged on the Account.

These facts objectively demonstrate *prima facie* that Tsakhniv did not intend to repay the cash advance charges he incurred on the Account.

Had Defendant appeared to testify, he would have had an opportunity to provide additional facts that might have shown things in a different light, but he did not do so.

3.  <u>Chase Bank Actually and Justifiably Relied on Tsakhniv's Representation</u>

Whether a creditor is justified in relying on a debtor's representation is an individual standard, depending on the creditor's capacity and the knowledge the creditor has or that may be fairly charged against it. *See Field v. Mans*, 516 U.S. 59, 72 (1995) (holding that creditor asserting nondischargability under § 523(a)(2)(A) must show justifiable, not reasonable, reliance) (*quoting* Prosser on Torts § 108, p. 717 (4th ed. 1971)). "A person is justified in relying on a representation of fact 'although he might have ascertained the falsity of the representation had he made an investigation.'" *Id.* at 70 (*quoting* Restatement (Second) of Torts § 540 (1976)).

In this case, Chase Bank alleges that it actually relied on Tsakhniv's representation by lending him money. The facts alleged do not indicate that Chase Bank knew any facts suggesting that Tsakhniv's representation was false, and no further investigation was necessary. Therefore, Chase Bank actually and justifiably relied on Tsakhniv's representation that he intended to repay the cash advance charges.

## CONCLUSION

Because Chase Bank alleged facts that establish the required elements, Chase Bank has demonstrated a *prima facie* case for nondischargeability for fraud under § 523(a)(2)(A). Therefore, Chase Bank's Motion for Default Judgment will be granted by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 5th day of November, 2009.